PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. WILCOX, | ) | CASE NO. 5:25-CV-02547 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| VIRGINIA EDWARDS *et al.*, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 2, 3, 5] |

## I. INTRODUCTION

*Pro se* Plaintiff Christopher J. Wilcox filed a civil lawsuit seeking collateral relief from a

state court judgment concerning a real property partition.  *See* ECF Nos. 1, 5.  On review under

28 U.S.C. § 1915, the Court finds that it lacks subject matter jurisdiction and dismisses

Plaintiff's Amended Complaint, *see* ECF No. 5, without prejudice.  In the alternative, it

dismisses the Amended Complaint under the *Rooker-Feldman* doctrine or *res judicata*.  The

Court also denies Plaintiff's Motions to Proceed *in Forma Pauperis*, for Temporary Restraining

Order, Preliminary Injunction, and other Relief.  *See* ECF Nos. 2, 3.

## II. BACKGROUND

### A. *History*

Plaintiff and Defendant Virginia Edwards were an unmarried couple.  *See* ECF No. 1–16

at PageID #: 116.  In 2018, they purchased from Edwards' parents an undivided one-half interest

in a residential property at 5107 Hayes Road in Ravenna, Ohio.  *See* ECF No. 1–16 at PageID #:

(5:25-CV-02547)

116.  The property was valued $350,000.00 and encumbered by a $260,000.00 mortgage through Portage Community Bank held by Plaintiff alone.  *See* ECF No. 1–16 at PageID #: 116.  The conveyance included two facially inconsistent instruments purportedly gifting $63,600.00 in equity.  *See* ECF No. 1–16 at PageID #: 117.  The first—an "Addendum to Purchase Agreement" bearing electronic signatures and dated May 4, 2018—directed the equity gift to Edwards alone. *See* ECF No. 1–16 at PageID #: 118.  The second—a "Gift Letter" dated May 10, 2018 and bearing wet signatures—directed the gift to Plaintiff and Edwards jointly.  *See* ECF No. 1–16 at PageID #: 119.  The Addendum was prepared by Edwards, who has experience working in the real estate industry.  *See* ECF No. 1–16 at PageID #: 119.  Plaintiff and Edwards cohabited at the Hayes Road property from June 2018 until December 2019 when Edwards left due to irreconcilable differences.  *See* ECF No. 1–16 at PageID #: 116; *Edwards v. Wilcox*, No. 2020 CV 0303, 2023 WL 11938926 (Ohio Com. Pl. June 05, 2023); *Edwards v. Wilcox*, No. 2023-P-0059, 240 N.E.3d 931 (Ohio 11 Dist. App. Ct. Mar. 25, 2024).

Plaintiff later moved away, and Edwards returned to the home in May 2020 to discover property deterioration including damages to a boat trailer and cover, an above-ground swimming pool, decks, landscaping fixtures, interior doors, and walls.  Edwards incurred $825.00 in pool removal costs and additional expenditures for interior repairs.  *See* ECF No. 1–16 at PageID #: 116–17.  She also obtained, without cost, estimates on the remaining repairs.  *See* ECF No. 1–16 at PageID #: 117.  Separately, the property sustained hail damage during Plaintiff and Edwards' joint occupancy.  *See* ECF No. 1–16 at PageID #: 117.  Their insurer issued $18,679.73 in reimbursements, which Plaintiff deposited but did not apply to repairs.  *See* ECF No. 1–16 at

2

(5:25-CV-02547)

PageID #: 117.  Edwards paid $1,375.21 in utility bills during the period Plaintiff occupied the property alone.  *See* ECF No. 1–16 at PageID #: 118

### B.  *Proceedings*

In 2020, Edwards filed a partition petition in the Portage County Court of Common Pleas, and Plaintiff counterclaimed for partition and unjust enrichment.  *See Edwards*, 2023 WL 11938926.  Portage Community Bank was permitted to intervene as the mortgagee.  *See* ECF No. 1–29 at PageID #: 228.  After a hearing on the respective equity interests, the state court ordered sale of the property with net proceeds to be divided equally, subject to a $6,877.58 offset against Plaintiff (representing half of the pool removal cost, half of the retained insurance proceeds, the full amount of utility payments during his sole occupancy, and the cost of interior repairs).  *See* ECF No. 1–16 at PageID #: 120.  The state court declined to credit Plaintiff for mortgage payments he made during the period of joint tenancy.  ECF No. 1–16 at PageID #: 120–21.  Edwards subsequently secured independent financing, and on July 21, 2023, the state court compelled the sale and transfer of title to her.  Plaintiff accepted his share of the sale proceeds and appealed to Ohio's Eleventh District Court of Appeals, which found the claim moot, given (a) the consummated sale and (b) Plaintiff's acceptance of proceeds therefrom.  *See Edwards*, 240 N.E.3d at 931.  No appeal to the Supreme Court of Ohio followed.

On November 24, 2025, Plaintiff filed this lawsuit in federal court.  *See* ECF No. 1.  His Amended Complaint names several Defendants including Edwards, her parents, the state court judge and magistrate, sheriff's deputies, bank employees, a realtor, and a title company.  *See* ECF

3

(5:25-CV-02547)

No. 5.  He seeks a declaration that certain documents admitted into evidence in the state proceedings are void, an order reversing the partition sale, a quiet title determination, and monetary damages.  *See* ECF No. 5 at PageID #: 423.  He implicates two federal statutes: 42 U.S.C. § 1983 (procedural due process) and 38 U.S.C. § 1717 (Veterans Administration ("VA") benefits fraud).  *See* ECF No. 5 at PageID #: 421.

### III.  Discussion

### A.  *Complaint*

Although *pro se* pleadings are construed liberally, *see Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) and *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts retain inherent authority to dismiss complaints *sua sponte* under Fed. R. Civ. P. 12(b)(1) where the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).  Dismissal is appropriate when the allegations lack any basis in law or where the district court lacks subject matter jurisdiction.  *See Apple*, 183 F.3d at 480; *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

### B.  *Subject Matter Jurisdiction*

A district court may only hear cases authorized by the Constitution and Congress.  *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  The burden of jurisdiction rests on the party asserting it.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship among the parties.  Jurisdiction under 28 U.S.C. § 1331 requires a "colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

4

(5:25-CV-02547)

Subject matter jurisdiction is a non-waivable prerequisite and raisable *sua sponte* at any litigative stage.  *See Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990); *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539–40 (6th Cir. 2006).  A purported federal claim that is "wholly insubstantial and frivolous" will not suffice to confer jurisdiction.  See *id.* at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

*      *      *

There is no basis on which the Court can exercise subject matter jurisdiction over this dispute.  *See Brunner*, 549 F.3d at 474.  There is no diversity jurisdiction under 28 U.S.C. § 1332 because all Parties are citizens of Ohio.  *See Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). There is no federal question jurisdiction under 28 U.S.C. § 1331 because the Amended Complaint does not "necessarily [depend] on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983).

Although Plaintiff's pleading claims two federal causes of action—one under 42 U.S.C. § 1983 for an alleged deprivation of due process; another under 38 U.S.C. § 1717 for alleged VA benefits fraud—both fail.  The 38 U.S.C. § 1717 claim is inapposite to the facts alleged and the 42 U.S.C. § 1983 claim is a rote, unexpounded invocation of federal law apparently designed to manufacture jurisdiction over what is, at bottom, a property dispute that belongs in state court. Plaintiff does not mention VA benefits at all in the Amended Complaint, nor do his alleged benefits play any role in the events giving rise to this litigation.  And it is unclear from the Amended Complaint what due process Plaintiff believes he was unconstitutionally denied sufficient for federal jurisdiction.  *See Arbaugh*, 546 U.S. at 513 n.10.

5

(5:25-CV-02547)

### C.   *Rooker-Feldman*

The *Rooker-Feldman* doctrine is a jurisdictional principle that district courts lack the power to sit in appellate review of state court decisions.  *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).  Litigants who is dissatisfied with a state court's ruling cannot bypass state appellate processes and run to a federal court for relief.  *See id.*  Instead, they must exhaust state remedies or seek a writ of *certiorari* directly from the Supreme Court of the United States.  *See id.*   Although increasingly curtailed—*see Lance v. Dennis*, 546 U.S. 459 (2006) and *T.M. v. U. of Maryland Med. Sys. Corp.*, 139 F.4th 344 (4th Cir. 2025), *cert. granted*, 223 L. Ed. 2d 270 (Dec. 5, 2025)—*Rooker-Feldman* remains good law. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker–Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced").  To determine whether the doctrine bars a federal claim, district courts look to the alleged "source of the injury[.]"  *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). If the source of the injury is a judgment rendered by a state court, *Rooker-Feldman* applies.  *See id.*  If there is some other source (*e.g.*, third-party action), there is an independent federal claim. *See id.*

\*        \*        \*

*Rooker-Feldman* precludes each of Plaintiff's claims.  The source of every alleged injury is the state court judgment itself.  Plaintiff does not complain of any independent wrongdoing by a third party that would support a cognizable federal claim.  The entirety of his requested relief— voiding documents the state court credited as evidence, reversing a state court's ordered sale,

6

(5:25-CV-02547)

quieting title in his favor—is an attack on a state court judgment costumed as a federal cause of action.  Plaintiff is precisely the type of complainant that *Rooker-Feldman* proscribes *vis-à-vis Exxon.*: a litigant ruing a state court judgment and asking a district court to reverse it.

### D. *Res Judicata*

*Res judiciata*—meaning "a matter [already] judged[,]" *see Black's Law Dictionary* (11th ed. 2019)—bars duplicative litigation.  *See Montana v. United States,* 440 U.S. 147, 153 (1979). When one court has resolved a case, another will not revisit it.  *See id.*  The doctrine precludes both repetitious claims and repetitious issues.  *See Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn.,* 126 F.3d 849, 852 (6th Cir. 1997).  Claim preclusion is the effect of an earlier judgment in foreclosing successive litigation on the very same claim.  *See New Hampshire v. Maine,* 532 U.S. 742, 748-49 (2001).  Issue preclusion is effect of an earlier judgment in foreclosing successive litigation on a fact or law "actually litigated" and judicially resolved.  *See id.*

\*      \*      \*

Plaintiff's Amended Complaint is barred by issue preclusion under.  The property valuation, equity division, payment of debts, damages, insurance payments, property purchase, and evidence validity have already been resolved by the Portage County Court of Common Pleas. The Court gives full faith and credit to those judgments and will been given no bases to review them herein.

### V. CONCLUSION

For the reasons above, the Court dismisses Plaintiff's Amended Complaint without prejudice for lack of subject matter jurisdiction.  *See* ECF No. 5.  In the alternative, it dismisses the Amended Complaint under the *Rooker-Feldman* doctrine or *res judicata*.  Plaintiff's Motions

(5:25-CV-02547)

to Proceed in Forma Pauperis, for Temporary Restraining Order, Preliminary Injunction, and other Relief are simultaneously denied on the same grounds.  *See* ECF Nos. 2, 3.

The Court certifies that an appeal from this decision cannot be taken in good faith.  See 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

 March 30, 2026                                                         */s/ Benita Y. Pearson*
 Date                                                                        Benita Y. Pearson
                                                                               United States District Judge